UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BOKF, NA,

        Plaintiff,

v.

ROBERT ESTES, KAREN NILES, JERRY CARPENTER, SHIRLEY CARVEY, and JAMES CARPENTER and BECKY LYNN CARPENTER as Co-Trustees of the CARPENTER FAMILY REV TRUST UAD 1/19/14,

        Defendants.

Case No. 3:17-cv-0694-LRH-(WGC)

ORDER

Before the court are plaintiff BOKF, NA's ("BOKF") motion for an injunction pending appeal (ECF No. 54) and motion to shorten briefing time (ECF No. 55).

**I.    Facts and Procedural Background**

Plaintiff BOKF is a federally chartered commercial bank. BOKF's Corporate Trust Department served as the indenture trustee for a series of allegedly fraudulent conduit municipal bond offerings for the purchase and renovation of senior living facilities located throughout the Southeastern and Midwestern United States.

Defendants are bondholders of the underlying conduit municipal bonds. In June, 2017, defendants initiated arbitration proceedings against BOKF pursuant to the Code of Arbitration of the Financial Industry Regulatory Authority ("FINRA") alleging that BOKF engaged in

violations of federal securities laws in connection with the underlying conduit municipal bonds. In response, BOKF filed a complaint against defendants alleging two causes of action: (1) declaratory judgment that BOKF is not subject to FINRA arbitration; and (2) injunctive relief. ECF No. 1. Along with its complaint, BOKF filed a motion for a preliminary injunction seeking to enjoin defendants from prosecuting or taking any other action in furtherance of the pending FINRA arbitration. ECF No. 17.

On March 2, 2018, the court denied BOKF's motion. ECF No. 48. BOKF then appealed the court's denial of its motion for a preliminary injunction to the Ninth Circuit. *See* ECF No. 50. Thereafter, BOKF filed the present motion for an injunction pending appeal. ECF No. 54.

## II. Legal Standard

Pursuant to Rule 62 of the Federal Rules of Civil Procedure, a court may "suspend, modify, restore, or grant an injunction" related to a court order while an appeal of that order is pending. FED. R. CIV. P. 62(c). Rule 62 codifies the court's inherent power to preserve the status quo pending an appellate court's decision. *McClatchy Newspapers v. Central Valley Typographical Union No. 26*, 686 F.2d 731, 734 (9th Cir. 1982).

An injunction pending appeal is not granted as a matter of right. *See First 100, LLC v. Omni Financial, LLC*, 2016 WL 3536841, at *2 (D. Nev. June 28, 2016). Rather, the determination of whether to grant an injunction pending appeal under Rule 62(c) is a matter of discretion for the court, and the "propriety of its issue is dependent upon the circumstances of the particular case." *Id*. Further. the party moving for relief under Rule 62(c) bears the burden of showing that the particular circumstances of the action justify the exercise of the court's discretion. *Id*. The standard for relief under Rule 62(c) is similar to that employed by a district court in determining whether to grant a preliminary injunction under Rule 65.[1] *Eruchalu v. U.S. Bank, Nat. Ass'n*, 2014 WL 496949, at *2 (D. Nev. February 6, 2014) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)).

---

[1] Pursuant to Rule 65 of the Federal Rules of Civil Procedure, a court may issue a preliminary injunction only upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) the petitioner will suffer irreparable harm absent an injunction; (3) the balance of equities weighs in petitioner's favor; and (4) an injunction is in the public's interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

2

### III. Discussion

In its motion, BOKF contends that an injunction is necessary to prevent it from having to participate in the underlying FINRA arbitration while the appeal of the court's order is pending. *See* ECF No. 54. The court has reviewed the documents and pleadings on file in this matter and finds that BOKF has not met the standard for an injunction pending appeal under Rule 62(c).

Initially, the court notes that BOKF has failed to present any argument or identified any legal authority establishing that it is likely to succeed on the merits of its appeal. In its motion, BOKF recognizes that the issue raised in the underlying motion for a preliminary injunction, namely, whether BOKF was subject to FINRA arbitration under the Municipal Securities Rulemaking Board ("MSRB") rules governing bank dealers of municipal securities, was an issue of first impression for the court. BOKF contends that because this was an issue of first impression, the court may grant an injunction pending appeal based on irreparable harm alone. *See* ECF No. 54 at 3-5. BOKF's argument is without merit. Although irreparable harm is a significant factor in determining whether to grant an injunction pending an appeal, there still must be some showing of likelihood of success on the merits of the appeal. *See, e.g., Human Soc. of U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009) (holding that a party must meet its burden of demonstrating a likelihood of success on the merits of its appeal to be entitled to relief under Rule 62(c)). BOKF's failure to present any argument or evidence demonstrating a likelihood of success on the merits of its appeal precludes its requested relief. Moreover, BOKF's requested relief of an injunction would be the opposite of maintaining and preserving the status quo while the appeal is pending as the current state of the world is moving forward on the FINRA arbitration. *See Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922) (holding that "after appeal a trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court[.]").

Additionally, the court finds that BOKF's claim of irreparable harm is insufficient to warrant an injunction on appeal. In its motion, BOKF contends that it will suffer irreparable harm because it will be forced to participate in an arbitration forum which it argues does not have jurisdiction over the arbitration claim while the appeal of the court's order is pending.

Because the projected timeframe for the appeal would take longer than the FINRA arbitration which is currently scheduled for July 2018, BOKF contends that absent an injunction its appeal would be moot and the underlying legal issues would not be addressed. However, BOKF's argument for irreparable harm is based on the assumption that FINRA does not have jurisdiction over the underlying arbitration. As the court found in its order denying BOKF's motion for a preliminary injunction, BOKF failed to establish that FINRA was without jurisdiction over defendants' arbitration claim. *See* ECF No. 48. Thus, BOKF would not suffer any irreparable harm in arbitrating in a forum that has jurisdiction over the arbitration claim. Further, BOKF's unsupported argument that the pending appeal would become moot absent relief by this court strains credulity. BOKF has several options available to seek expedited relief on its appeal including those outlined in Rule 8 of the Federal Rules of Appellate Procedure which would prevent any alleged mootness of the appeal.

Finally, the court finds that neither the balance of the equities nor the public interest favor granting BOKF an injunction pending appeal. The balance of the equities favors defendants as enjoining a legitimate arbitration without any legal basis would unfairly and prejudicially impair defendants from prosecuting their claims in their chosen forum. Further, the public interest favors ensuring that investors are protected under federal securities regulations like those enacted by FINRA and the MSRB when a party, like BOKF, has not established that such rules do not apply in a particular case. Accordingly, the court shall deny BOKF's motion for an injunction pending appeal.

IT IS THEREFORE ORDERED that plaintiff's motion for an injunction pending appeal (ECF No. 54) and motion to shorten briefing schedule (ECF No. 55) are DENIED.

IT IS SO ORDERED.

DATED this 14th day of March, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE