UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BOKF, NA,

    Plaintiff,

v.

ROBERT ESTES, KAREN NILES, JERRY CARPENTER, SHIRLEY CARVEY, and JAMES CARPENTER and BECKY LYNN CARPENTER as Co-Trustees of the CARPENTER FAMILY REV TRUST UAD 1/19/14,

    Defendants.

Case No. 3:17-cv-0694-LRH-(WGC)

ORDER

Before the court is plaintiff BOKF, NA's ("BOKF") motion to dismiss defendants' counterclaims (ECF No. 24). ECF No. 30. Defendants filed an opposition to the motion (ECF No. 35) to which BOKF replied (ECF No. 38).

**I.    Facts and Procedural Background**

Plaintiff BOKF is a federally chartered commercial bank. BOKF serves as the indenture trustee for conduit municipal bonds issued in the United States. Relevant to this action, BOKF served as the indenture trustee for a series of allegedly fraudulent conduit municipal bond offerings for the purchase and renovation of senior living facilities located throughout the Southeastern and Midwestern United States.

///

Defendants are bondholders of the underlying conduit municipal bonds. On June 30, 2017, defendants initiated arbitration against BOKF pursuant to the Code of Arbitration of the Financial Industry Regulatory Authority ("FINRA") alleging that BOKF engaged in conduct violating federal securities laws.

On November 13, 2017, BOKF filed a complaint against defendants alleging two causes of action: (1) declaratory judgment that BOKF is not subject to FINRA arbitration; and (2) injunctive relief. ECF No. 1. In response, defendants filed counterclaims against BOKF alleging two causes of action: (1) declaratory judgment that BOKF is subject to FINRA arbitration; and (2) injunctive relief. ECF No. 24. Thereafter, BOKF filed the present motion to dismiss defendants' counterclaims. ECF No. 30.

## II.     Discussion

In its motion, BOKF contends that defendants' counterclaims are just the "mirror image" of BOKF's claims for relief and therefore, the counterclaims should be dismissed as redundant. *See* ECF No. 30. The court agrees.

A district court "has discretion to dismiss, under Rule 12(b)(6), a declaratory relief counterclaim which mirrors the complaint or raises the same factual or legal issues as those placed at issue in the pleadings." *Englewood Lending, Inc. v. G & G Coachella Invs., LLC*, 651 F.Supp.2d 1141, 1145 (C.D. Cal. 2009); *see also, Perez v. Roofing*, 2016 WL 898545, at *2 (W.D. Wash. March 9, 2016) (recognizing that "[i]n the context of counterclaims for declaratory relief . . . courts use their discretion to dismiss 'mirror image' counterclaims that are redundant of affirmative defenses or claims found in the complaint.").

Here, both parties are seeking declaratory relief regarding the propriety of the underlying FINRA arbitration. In particular, BOKF seeks "[a] declaration that Defendants may not bring an action in FINRA's arbitration forum against BOKF since FINRA has no jurisdiction over BOKF." ECF No. 1. In contrast, defendants seek "[a] declaration that FINRA has jurisdiction to arbitrate the claims brought by the [defendants] against BOKF in the [defendants'] claim." ECF No. 24. These competing claims are the direct mirror image of each other and there is a complete identity of the legal and factual issues between the parties' competing claims. As such,

a decision on the complaint's merits would necessarily render the counterclaims for declaratory relief moot. *Perez*, 2016 WL 898545, at *2. The only real difference between the complaint and the counterclaims is the factual disputes between the parties. Where the only difference between the parties is their "differing views of the facts" dismissal of the counterclaims is appropriate. *Id.*, at *2-3. Therefore, the court shall grant BOKF's motion to dismiss, notwithstanding that the legal dispute between the parties shall remain the same.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss counterclaims (ECF No. 30) is GRANTED. Defendants' counterclaims (ECF No. 24) are DISMISSED in their entirety.

IT IS SO ORDERED.

DATED this 10th day of April, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE